In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 16-2005

DORETTE BROWNLEE,

*Plaintiff-Appellant,*

*v.*

HOSPIRA, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 5358— **Sharon Johnson Coleman**, *Judge.*

_____

SUBMITTED JULY 5, 2017 — DECIDED JULY 26, 2017

_____

Before POSNER, KANNE, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff sued the defendant,
her former employer, charging that discharging her had vio-
lated Title VII of the Civil Rights Act of 1964. The parties
agreed in writing to settle the litigation rather than litigate to
judgment, but their agreement provided that there would be

"[n]o binding agreement until the typed settlement agreement is signed"—which it never was. The plaintiff's lawyer did negotiate a proposed settlement agreement with the defendant's lawyer, but the written terms made clear that this was not the "binding agreement" to which the parties had referred. Nevertheless the district judge treated it as such, ruling that the litigation had been ended by a settlement and by so ruling precipitating this appeal by the plaintiff.

The parties had agreed in writing however that there would be no binding agreement until the typed settlement agreement was signed, and it never was by either the plaintiff or her lawyer. There was therefore no agreement that bound the plaintiff, whose appeal asks us to vacate the district court's decision on the ground that there was no settlement terminating the litigation. We therefore vacate the decision of the district court and remand for further proceedings in that court; since we have determined that there has been no settlement, the case remains open in the district court.